RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA JAN 2 4 2014
NORTHERN DIVISION

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

SHONTAVIA RICHARDSON,

    PLAINTIFF,

                                                CIVIL ACTION NO:

V.                                          2:14-cv-54

MW THERAPEUTIC, INC.
d/b/a Magnolia Wood,

    DEFENDANT.                        JURY TRIAL REQUESTED

## COMPLAINT

### I.    Jurisdiction

1.    This action for injunctive relief and damages is brought pursuant to 28 U. S.C. §§ 1331, 1343, 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964" as amended, the "Civil Rights Act of 1991," 42 U.S.C § 2000e *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief against gender discrimination and sexual harassment.

2.    Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed her suit within ninety (90) days after receipt of her right-to-sue letter issued by the EEOC regarding Defendant (Exhibit B).

## II. PARTIES

3. Plaintiff, Shontavia Richardson, hereinafter "Plaintiff," is a citizen of the United States and a resident of Autaugaville, Autauga County, Alabama.

4. Defendant, MW Therapeutic, Inc. d/b/a Magnolia Wood (hereinafter "Defendant"), employed over 15 people for 20 or more calendar weeks during the years complained of herein and is an entity subject to suit under Title VII. Defendant is subject to service of process in Alabama. Therefore, this Court has personal jurisdiction over Defendant. Defendant employs at least 15 individuals.

## III. STATEMENT OF FACTS

5. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4 above with the same force and effect as if fully set forth herein.

6. On January 14, 2013, Defendant hired Plaintiff.

7. Plaintiff's job duties included watching clients/consumers, either by herself or with another co-worker.

8. On March 1, 2013, Ralph McCoy became Plaintiff's supervisor.

9. After McCoy became Plaintiff's supervisor he propositioned her for sex.

10. McCoy made sexual comments to Plaintiff on a regular repeated basis at work.

11. After approximately two weeks of McCoy's frequent sexual harassment, Plaintiff reported McCoy's comments to Defendant's Director, Cheryl Watson.

12. Watson told Plaintiff that she did not believe her.

13. McCoy was moved to a different trailer with a different supervisor.

14. One of Plaintiff's responsibilities in taking care of her clients/consumers was to write down various matters about them in reports, including the medications supplied to the consumers.

15. On April 26, 2013, Plaintiff's new supervisor, Willie Robertson, assigned Plaintiff to a different trailer.

16. Plaintiff did not have a pen or other writing instruments with her in the new trailer. Writing materials were present in the trailer where Plaintiff was normally assigned, but were not in the one Plaintiff was assigned to on that particular day.

17. On April 25, 2013, Plaintiff left the premises with two consumers to go next door to get a pen and return to the trailer. Plaintiff was gone from the trailer for approximately two minutes.

18. The next day, April 26, 2013, Watson told Plaintiff she was fired for leaving the premises.

19. Plaintiff did not violate Defendant's rules, as Plaintiff had her

3

consumers with her at all times.

20. Plaintiff did what she, and others in her position, had done numerous times: leave the assigned facility <u>with</u> consumers for a valid purpose, such as getting a pen and paper. Because Plaintiff complied with her job duties and responsibilities, there was no harm, risk of harm, or detriment to the consumers.

21. When Plaintiff told Watson why she had left the trailer, Watson stated once again that she did not believe Plaintiff.

22. Prior to McCoy becoming her supervisor, Plaintiff had not received any discipline. Her rejection of his sexual advances resulted in discipline, which was accelerated once Plaintiff complained about his sexual harassment.

## IV.   COUNT ONE – TITLE VII – Sexual Harassment

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 above with the same full force and effect as if set forth fully herein.

24. Plaintiff was subjected to a sexually hostile work environment during the course of her employment with Defendant.

25. The sexual harassment was perpetrated by Ralph McCoy, Plaintiff's supervisor.

26. Plaintiff followed Defendant's procedures by properly reporting the sexual harassment to Watson.

27. Defendant violated Title VII by allowing Plaintiff to be exposed to a

sexually hostile work environment by her supervisor by not providing appropriate supervision.

28. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## V. COUNT TWO – VII - Retaliation

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 above with the same full force and effect as if set forth fully herein.

30. Plaintiff complained to Defendant's Director Watson regarding McCoy's sexual harassment.

31. Less than six weeks after complaining to Watson about McCoy's sexual harassment, Watson terminated Plaintiff.

32. Defendant retaliated against Plaintiff for complaining about the sexual harassment that she experienced from McCoy.

33. Plaintiff was not guilty for the offense for which she was terminated, allegedly leaving her two "consumers" for two minutes.

34. Stanley Davis and other male co-workers have committed the exact same offense of leaving consumers alone, with Watson's knowledge of such an offense, and they have received no discipline at all.

35. Defendant violated Title VII by retaliating against Plaintiff for her complaints of sexual harassment, causing Plaintiff damage in the nature of back

pay, lost benefits and mental anguish.

## VI. COUNT THREE – TITLE VII – Gender Discrimination

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above with the same full force and effect as if set forth fully herein.

37. Defendant singled out Plaintiff and treated her differently than Stanley Davis and other similarly situated males who committed the same offense for which Plaintiff was terminated, whereas Watson did not issue discipline or terminate those male comparators committing the same offense for which she accused Plaintiff of committing.

38. Defendant's actions in terminating Plaintiff's employment while not treating male employees committing a similar misconduct violated Title VII.

39. As a result of Defendant's violation of Title VII, Plaintiff has been damaged suffering loss of pay, benefits and mental anguish.

## VII. COUNT FOUR – Invasion of Privacy

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 above with the same full force and effect as if set forth fully herein.

41. McCoy, as a supervisor and agent of Defendant, invaded Plaintiff's privacy by making sexually inappropriate comments to Plaintiff during the course of the work day.

42. Defendant condoned and ratified the actions of McCoy by Watson

telling Plaintiff she did not believe Plaintiff.

43. As a result of Defendant's actions, Plaintiff has been damaged, suffering mental anguish.

## VIII. PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant from continuing to violate Title VII.

C. Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest), compensatory damages, nominal damages, special damages, and, injunctive and declaratory relief, and benefits of employment.

D. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**

MW Therapeutic, Inc., d/b/a Magnolia Wood
c/o Agent for Service of Process
Andy Scarborough
202 East Bridge Street
Wetumpka, AL 36092